IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>DELAWARE COUNTY PAIN MANAGEMENT,<br><br>    Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy) and to provide appropriate relief to Dr. Kristina M. Shuffler who was adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, Defendant Employer Delaware County Pain Management, a company that provides treatment for chronic conditions and traumatic injuries, discriminated against Dr. Shuffler because of her sex (pregnancy) when, shortly after notifying Defendant of her pregnancy, Defendant began subjecting Dr. Shuffler to a barrage of offensive questions and derogatory comments regarding her pregnancy and subsequently terminated her employment. As a result of the discrimination, Dr. Shuffler suffered back pay losses and emotional distress damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3)("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Delaware County Pain Management (the "Employer"), has continuously been doing business in the State of Pennsylvania and the City of Folsom, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Dr. Shuffler filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    Since at least on or about September 22, 2006, Defendant Employer has engaged in unlawful employment practices at its Folsom, Pennsylvania, by unlawfully subjecting Dr. Shuffler to discrimination because of her sex in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These unlawful practices include, but are not limited to, the following:

(a)    In or about December 2005, Dr. Shuffler began her employment with Defendant as an Associate Chiropractor and remained in this position until her termination on or about November 3, 2006.

(b)    Throughout her employment, Dr. Shuffler satisfactorily performed her job and never received any performance reprimands.

(c)    In the spring of 2006, Dr. Shuffler informed her boss, Dr. Peter Schatzberg, that she was pregnant.

(d)    In or about May 2006 Dr. Shuffler approached Dr. Schatzberg to inquire about Defendant's maternity leave policy given Defendant did not have an employee handbook detailing its policies and procedures.

(e)    After Dr. Shuffler inquired about maternity leave, Dr. Schatzberg began probing into her future family planning and asked her if she planned on having additional children or undergoing a "tubal ligation" after giving birth.

(f)    In or about late July 2006 while at a dinner meeting with colleagues, Dr. Schatzberg commented, ". . . Kristina [Dr. Shuffler] got herself screwed and now we are all screwed . . .," clearly signifying that Dr. Shuffler's pregnancy was a huge inconvenience to Defendant.

(g)    In or about September 2006, Dr. Shuffler began to experience pregnancy related health problems and advised Dr. Schatzberg that, pursuant to her physician's orders, she had to restrict her activities to sedentary work.

(h)    After learning of her medical restrictions, Dr. Schatzberg told Dr. Shuffler that he did not have any work for her to perform and placed her on a leave of absence.

(i)    Between March 2006 and September 2006, when Dr. Shuffler was placed on a leave of absence, Dr. Schatzberg regularly asked if she was going to have more children and repeatedly inquired whether she was going to under go a tubal ligation.

(j)    From September 3, 2006, until November 3, 2006, Dr. Shuffler conducted limited administrative work from home while on leave.

(k)    On November 3, 2006, Dr. Schatzberg left a voice mail message for Dr. Shuffler informing her that he was no longer going to pay her a portion of her salary and she was no longer needed at the office.

8.    The effect of the practices complained of in paragraph 7(a)-(k) above have been to deprive Dr. Kristina Shuffler of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex.

9.    The unlawful employment practices complained of in paragraphs 7(a)-(k) above were intentional.

10.    The unlawful employment practices complained of in paragraphs 7(a)-(k) above were done with malice or with reckless indifference to the federally protected rights of Dr. Kristina Shuffler.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sex discrimination any other employment practice which discriminates on the basis of sex.

B.   Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant Employer to make whole Dr. Kristina Shuffler, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.   Order Defendant Employer to make whole Dr. Kristina Shuffler, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7(a)-(k) above, including job search expenses and medical benefits, in amounts to be determined at trial.

E.   Order Defendant Employer to make whole Dr. Kristina Shuffler by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7(a)-(k) above, including emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.   Order Defendant Employer to pay Dr. Kristina Shuffler punitive damages for its malicious and reckless conduct described in paragraphs 7(a)-(k) above, in amounts to be determined at trial.

G. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-retaliation; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

>Respectfully submitted,
>
>RONALD S. COPPER
>General Counsel
>
>JAMES L. LEE
>Deputy General Counsel
>
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>PHILADELPHIA DISTRICT OFFICE
>
>*Jacqueline H. McNair*
>JACQUELINE H. MCNAIR
>Regional Attorney
>
>*Terrence R. Cook*
>TERRENCE R. COOK
>Supervisory Trial Attorney
>
>*Dawn M. Edge*
>DAWN M. EDGE
>Trial Attorney
>
>U.S. EEOC, Philadelphia District Office
>801 Market Street
>Penthouse, Suite 1300
>Philadelphia, PA 19107-3127
>(215) 440-2687(direct)
>(215) 440-2848(fax)
>Dawn.Edge@eeoc.gov